FILED
United States Court of Appeals
Tenth Circuit

October 28, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FERNANDO VAZQUEZ,

Defendant-Appellant.

No. 10-7040
(D.C. No. 6:07-CR-00047-RAW-11)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **LUCERO**, and **HOLMES**, Circuit Judges.

---

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Fernando Vazquez's plea agreement. The

defendant pleaded guilty to conspiracy to possess with intent to distribute and

distribution of controlled substances. Pursuant to the plea agreement, the

defendant waived his right to appeal his conviction or his sentence, provided his

sentence was within the statutory maximum authorized by law and within the

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

advisory sentencing guideline range determined by the district court to apply. The defendant's sentence was below the statutory maximum and within the advisory guideline range. Nevertheless, the defendant filed a notice of appeal.

The government filed a motion to enforce the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In response, the defendant's counsel stated that there are no non-frivolous arguments that can be presented in response to the motion to enforce, citing *Anders v. California*, 386 U.S. 738, 744 (1967), and requesting permission to withdraw as counsel. This court gave the defendant an opportunity to file a pro se response to the motion to enforce, *see id.*, and granted him an extension of time to file his response to the motion. To date, the defendant has not filed a response to the motion to enforce.

Under *Anders*, we have reviewed the motion and the record and we conclude that the defendant's proposed appeal falls within the scope of the appeal waiver, that he knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325 (describing the factors this court considers when determining whether to enforce a waiver of appellate rights).

Accordingly, we GRANT the motion to enforce the appeal waiver, GRANT counsel's motion to withdraw, and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM